IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAWN OLIVER,

   Petitioner,

v.

WARDEN, FCI CUMBERLAND,

   Respondent.

Civil Action No.:  BAH-23-3304

**MEMORANDUM OPINION**

    Self-represented Petitioner Shawn Oliver, an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking to have his First Step Act ("FSA") credits applied to the calculation of his sentence.  ECF 4.  Respondent filed a Motion to Dismiss the Petition or, in the Alternative, for Summary Judgment on March 27, 2024.  ECF 8.  Oliver opposes the Motion. ECF 10.  Upon review of the submitted materials, the Court finds that no hearing is necessary.  *See* Rules 8(a) and 1(b), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023).  For the reasons set forth below, Respondent's Motion will be granted and the Petition denied.

**I.    Background**

    Oliver is serving a 130-month sentence pursuant to a conviction in the U.S. District Court for the Eastern District of Michigan for conspiracy to distribute controlled substances.  ECF 4-1 at 4; ECF 8-2 at ¶ 5, p. 8 (Misty Shaw Decl.).  He states that 180 days of FSA earned time credits and 160 days of "projected time credits" have not been applied to his sentence by the Federal Bureau of Prisons ("BOP").  ECF 4-1 at 4.  Oliver contends that this would move up his release

date to July 2024 rather than July 19, 2025, and therefore he could be immediately eligible for placement in a residential reentry center. *Id.* Oliver contends that BOP's failure to place him in a halfway house amounts to a violation of his Fourteenth Amendment right to due process. ECF 4 at 7; ECF 4-1 at 1, 6.

Misty Shaw, Paralegal at the BOP Mid-Atlantic Regional Office, attests that Oliver's statutory full-term release date is July 19, 2027. ECF 8-2 at ¶ 6. Oliver is eligible for the Residential Drug Abuse Treatment Program ("RDAP") benefit pursuant to 18 U.S.C. § 3621(e) which reduces his full-term release date to July 19, 2026. *Id.* at ¶ 7. Additionally, Oliver has earned 365 days of conditional FSA credits, making his projected release date July 19, 2025. *Id.* at ¶ 8, pg. 8.

Richard Bosley, Case Manager at FCI-Cumberland, attests that Oliver was deemed eligible to earn FSA time credits on August 28, 2020. ECF 8-3 at ¶ 3. Oliver has maintained a low recidivism risk level according to the Prisoner Assessment Tool Targeting Estimated Risk and Needs (or PATTERN) since his arrival at FCI-Cumberland. *Id.* at ¶ 4. As of March 2, 2024, based on his participation in evidence-based recidivism reduction programs or productive activities, Oliver had earned 365 days of FSA time credits. *Id.* at ¶¶ 5, 6.

Also relevant to Oliver's early release is his enrollment in RDAP and his completion of the non-residential drug treatment course on July 21, 2021. ECF 8-3 at ¶¶ 7, 8. Oliver was approved on February 1, 2022, for RDAP early release if he completed all three phases of the program, which could award him up to one year off his sentence. *Id.* at ¶ 9. Oliver began the program on February 15, 2022, and the RDAP coordinator, Dr. Sheetz, informed Respondent that Oliver would complete phase 2 on November 22, 2022. *Id.* at 11. Case Manager Bosley states that he and the unit team recommended that Oliver receive halfway house placement for 525 days. *Id.* at ¶ 13.

Respondent approved Oliver's transfer to a halfway house to complete phase 3 on October 13, 2023. *Id.* at 13-14. Oliver was given a "halfway house date" of October 22, 2024. *Id.* at ¶¶ 14, 15. This resulted in the total application of 270 days: 160 were FSA credits and 110 were Second Chance Act credits. *Id.* at ¶ 15.

Shaw further attests that a review of Oliver's Administrative Remedy History shows that he has filed two administrative remedies during his incarceration. ECF 8-2 at ¶ 10. Both remedies were filed with FCI-Cumberland on November 7, 2022, and concerned Oliver's FSA credits, 1140222-F1 and 1140224-F1; the first was denied on November 17 and the second was denied on November 18, 2022. *Id.* at ¶ 10; pg. 12. Oliver appealed his first administrative remedy (1140222-R1) to the Mid-Atlantic Regional Office on November 30, 2022; it was closed that same day with "information or explanation only." *Id.* at ¶¶ 9, 10; pg. 13. On December 2, 2022, Oliver appealed his second administrative remedy (1140224-R1) to the Regional Office; it was also closed with information only on January 6, 2023. *Id.*

## II.     Discussion

It is the responsibility of the United States Attorney General, the Department of Justice and BOP to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. *See* 18 U.S.C. § 3624, *see also Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir. 1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979); *see also United States v. Mitchell*, 845 F.2d 951, 952 (11th Cir. 1988) ("[A] federal district court does not have jurisdiction to entertain a federal prisoner's petition for jail time credit until the prisoner has exhausted his administrative remedies with the Attorney General under 18 U.S.C. § 3568."). In the event a prisoner disputes the computation of his sentence or the application of credits, he is permitted to

seek a remedy for the grievance through the administrative remedy process in place in the BOP facilities. *See* 28 C.F.R. § 542.10, *et seq*.

The Administrative Remedy Procedure provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, they may appeal to the appropriate Regional Director within 20 calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is still not satisfied, they may appeal the Regional Director's response to the Office of General Counsel using the appropriate forms. *Id.* The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. *Id.* An inmate is not deemed to have exhausted their administrative remedies until they have filed their complaint at all levels. *See id..*

Here, the record shows that Oliver has filed two separate administrative remedies concerning his FSA credits, however, he only appealed them to the Regional Office and did not appeal either to the Officer of General Counsel as required. As Oliver has not completed the BOP Administrative Remedy Procedure, his claim is unexhausted. Oliver acknowledges as much in his Petition, candidly stating that the "[d]ecision is in the hands of the warden and to continue in the process would be futile." ECF 4 at 3. He claims that he has served time beyond his sentence and completing the exhaustion process, which he asserts is 60 days with extensions, would "waste a significant amount of time which is to the detriment of [Oliver's] liberty interest…" ECF 4-1 at 5. However, Oliver does not provide any evidence to support his argument that the Administrative Remedy Procedure is entirely ineffective. Moreover, even if the Court assumes that Oliver's release date should have been in July of 2024, the record reflects that he had ample time to

complete the exhaustion process by appealing to the General Counsel's Office as his administrative remedies were closed by the Regional Office on January 6, 2023, approximately 18 months before his purported release date. Alternatively, he also had about nine months between his halfway house referral in September 2023 and his suggested release date in which he could have attempted to exhaust an administrative remedy.

In his opposition to the Motion, Oliver further claims that the administrative process could last up to a year and therefore it would be prejudicial for him to complete this process which could extend past the time he should be released. ECF 10 at 3. Again, however, Oliver fails to provide support for his argument. The record shows that decisions from Respondent and the Regional Office to his administrative remedies were all dispatched within two months of his initial filing. Thus, though any delay likely feels interminable to Plaintiff, who contends his sentence is unlawfully extended, the record here reflects that the administrative process, at least in Plaintiff's case, has not been abnormally delayed. Stated differently, nothing in the record supports the claim that the General Counsel's Office would have unreasonably delayed a decision on Oliver's appeal.[1]

The Fourth Circuit has not spoken directly to the argument that exhaustion is not required when a plaintiff contests their release date and further contends that administrative exhaustion would be futile because they are so close in time to their release from custody. Other courts, however, have declined to excuse exhaustion "when a petitioner's own lack of timeliness contributed to the time constraint." *Ewing v. Carter*, No. CV BAH-22-3029, 2024 WL 4289534,

---

[1] Under the relevant regulations, the entire administrative exhaustion process is supposed takes about four months. *See Wright v. Warden, FCI-Cumberland*, Civ. No. RDB-10-671, 2010 WL 1258181, at *2 n.4 (D. Md. Mar. 24, 2010) (citing 28 C.F.R. § 542.14 to 542.15; *Larue v. Adams*, Civ No. 04-396, 2006 WL 1674487, at *9 (S.D. W. Va. June 12, 2006)). Though the Court is certain that there are likely deviations from this timeline, Plaintiff has failed to substantiate his conjecture that any appeal to the General Counsel in his case would have taken nearly a year.

at *4 (D. Md. Sept. 25, 2024) (collecting cases).  Oliver could have appealed to the General Counsel after the denial of his claim in January of 2023, which was well before his proposed release date.  Under the specific circumstances presented here, the Court is not persuaded by Oliver's futility argument.  Therefore, as Oliver has failed to exhaust his claim, the Court does not need to decide Respondent's remaining arguments.

### III.    Conclusion

For the foregoing reasons, Respondent's Motion will be granted and Oliver's Petition for Writ of Habeas Corpus will be denied and dismissed.  A separate Order follows.

  October 31, 2024                                                     /s/                          
Date                                                Brendan A. Hurson
                                                    United States District Judge